UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ELMER MEGALLON,

    Plaintiff,

v.

NATIONAL CASUALTY COMPANY,
SCOTTSDALE INSURANCE COMPANY,

    Defendants.

2:08-CV-01497-LRH-PAL

ORDER

    Before the court is a motion for partial summary judgment filed by defendants National Casualty Co. and Scottsdale Insurance Co. (hereinafter "National") on February 13, 2009. Doc. #14[1]. Plaintiff Elmer Megallon ("Megallon") filed his response to the motion on March 2, 2009. Doc. #16. Thereafter, National filed its reply on March 16, 2009. Doc. #17.

**I.  Facts and Procedural History**

    On September 27, 2005, Megallon was involved in a car accident in Clark County, Nevada. Megallon was driving when another vehicle turned into his path. As a result of the collision, he suffered spinal injuries, the extent of which is heavily contested. *See* Doc. ##14, 15, 16. The other driver was cited for unsafe turning and held at fault. Doc. #15, Exhibit B. Megallon received the $15,000.00 maximum for the other driver's bodily injury coverage.

---

[1] Refers to the court's docket entry number.

At the time of the accident, Megallon was driving a vehicle owned by his employer Pro-Action Limousine and insured by National. Megallon was a named insured under National's policy which included $1,000,000.00 of underinsured/uninsured coverage. Doc. #15, Exhibit B, C. He demanded the entire $1,000,000.00 from National for his injuries. Doc. #15, Exhibit G. National offered $51,000.00 to resolve Megallon's claim, relying on an independent medical examiner's report. Doc. #15, Exhibit J.

Thereafter, on September 30, 2008, Megallon filed a complaint against defendants alleging three causes of action: (1) breach of contract; (2) violation of Nevada's Unfair Claims Practices Act (NRS § 686A.310 et seq.); and (3) breach of the covenant of good faith and fair dealing. Doc. #1, Exhibit A.

National now moves this court for partial summary judgment on Megallon's second and third causes of action along with his request for punitive damages. Doc. #14. In the alternative, National requests that the bad faith and Nevada statutory claims be bifurcated from Megallon's breach of contract claim. *Id*.

**II.    Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

2

must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.     Discussion**

**Motion for Partial Summary Judgment**

As a preliminary matter, this court finds the present motion for summary judgment premature. Discovery in this matter did not begin until January 9, 2009, and recently concluded on August 10, 2009. Doc. #13. National filed the present motion on February 13, 2009, barely a month into discovery, and with a very limited record of pre-discovery documents. Doc. #15.

Based upon these few documents, National is asking this court to hold as a matter of law that it acted reasonably or had a reasonable basis to deny Megallon's claim. However, this court cannot say National is entitled to judgment as a matter of law on the issues of reasonableness. There are disputed issues of material fact concerning the extent of Megallon's injuries and National's reliance on the independent medical examiner's report which weigh on the

reasonableness of National's denial of Megallon's claim. Summary judgment is inappropriate where "relevant facts are in dispute or when facts permit differing inferences as to the reasonableness of the insurer's conduct." *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989). Therefore, upon the record presently before the court, National is not entitled to summary judgment.

**Motion to Bifurcate**

Pursuant to Fed. R. Civ. P. 42(b) the court may order a separate trial on one or more claims in order to avoid prejudice, promote convenience, or to expedite the judicial process. The district court has complete discretion to bifurcate any claim. *See Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001); *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1995).

National argues that bifurcation is appropriate because Megallon's breach of contract claim may be dispositive of the entire case. Doc. #14. However, there is no evidence before the court on the breach of contract claim, nor is their any indication of how that claim would be dispositive of Megallon's remaining claims. Further, National has not shown any prejudice that would result from having Megallon's claims remain together. Thus, based upon the limited record, the court finds that bifurcation at this time is unwarranted and unnecessary.

IT IS THEREFORE ORDERED that defendants' motion for partial summary judgment or in the alternative to bifurcate claims (Doc. #14) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 28th day of August, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4