UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ELMER MEGALLON,

    Plaintiff,

v.

NATIONAL CASUALTY COMPANY,
SCOTTSDALE INSURANCE COMPANY,

    Defendants.

2:08-cv-01497-LRH-PAL

ORDER

    Before the court is defendants National Casualty Co. and Scottsdale Insurance Co.'s (hereinafter "National") motion to reconsider, or in the alternative, second motion for partial summary judgment filed on September 9, 2009. Doc. #26[1]. Plaintiff Elmer Megallon ("Megallon") filed his response on September 28, 2009. Doc. #28. Thereafter, National filed a reply on October 9, 2009. Doc. #29.

**I.  Facts and Procedural History**

    On September 27, 2005, Megallon was involved in a car accident in Clark County, Nevada. Megallon was driving when another vehicle turned into his path. As a result of the collision, he suffered serious spinal injuries. The other driver was held at fault and Megallon received the $15,000.00 maximum for the other driver's bodily injury coverage.

---

[1] Refers to the court's docket entry number.

At the time of the accident, Megallon was driving a vehicle owned by his employer, Pro-Action Limousine, and insured by National. Megallon was a named insured under National's policy which included $1,000,000.00 of underinsured/uninsured coverage. He demanded the entire $1,000,000.00 from National for his injuries. National offered $51,000.00 to resolve his claim.

On September 30, 2008, Megallon filed a complaint against National alleging three causes of action: (1) breach of contract; (2) violation of Nevada's Unfair Claims Practices Act (NRS § 686A.310 et seq.); and (3) breach of the covenant of good faith and fair dealing. Doc. #1, Exhibit A. National moved for summary judgment on Megallon's second and third causes of action, along with his request for punitive damages. Doc. #14. The court denied National's motion as premature finding that discovery had only recently begun and that the motion was filed with a very limited record. Doc. #15.

After discovery concluded, National filed the present motion to reconsider, or in the alternative, for summary judgment on Megallon's second and third causes of action. Doc. #26.

## II.     Motion for Reconsideration

The federal district court has the inherent power to revise, correct, or amend interlocutory orders at any time prior to a final judgment. *See School Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958). A previous order may be reconsidered when the decision is clearly erroneous, there has been an intervening change of law, or there is manifest injustice. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).

National argues that reconsideration is warranted because there is new evidence obtained through discovery to support the previous motion for summary judgment. However, the court finds this evidence is best evaluated under National's second motion for summary judgment rather than reconsidering the original motion. The original motion was insufficient in both evidentiary support and legal reasoning. Additionally, the court finds that bifurcation of Megallon's claims is still improper. Therefore, National's motion for reconsideration is denied.

**III.  Motion for Summary Judgment**

    **a. Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *Id.* at 252.

3

### b. Bad Faith

An insurer acts in bad faith when it refuses "'without proper cause' to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (quoting *United States Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). Such conduct is a breach of the covenant of good faith and fair dealing. *Id*. In order to establish a prima facie case of bad faith, a plaintiff must establish that "the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998).

National argues that Megallon has not shown and cannot show any evidence that National acted unreasonably in evaluating his claim. Therefore, National argues it is entitled to judgment as a matter of law on the issue of bad faith. However, the issue before the court is not whether National acted unreasonably, but whether National had a reasonable basis to offer Megallon a settlement of only $51,000.00 for his injury claim. The record before the court reveals that there are disputed issues of material fact as to whether National undervalued Megallon's claim without a reasonable basis.

National argues that it relied on Dr. Schifini's medical report of Megallon's injuries and treatment to evaluate Megallon's claim and arrive at the $51,000.00 settlement figure. Dr. Schifini opined that Megallon would need several more spinal injections treatments that had been performed by Megallon's doctor. Dr. Schifini felt, however, that Megallon would more likely than not need only three more treatments rather than periodic treatments for the rest of his life. Thus, National argues that based upon Dr. Schifini's report, the extent of Megallon's injuries and the necessary treatment was debatable, and therefore, it had a reasonable basis to provide its settlement offer. However, an insurer's own belief that a claim is fairly debatable is insufficient to support a finding that an insurer had a reasonable basis to deny coverage. *See Wohlers & Co. V. Bartgis*, 969 P.2d 949, 956 (Nev. 1998).

The record before the court does not support National's position that it is entitled to judgment as a matter of law that it had a reasonable basis to offer a settlement of only $51,000 for Megallon's injury claim. The court finds that there are disputed issues of material fact concerning the extent of Megallon's injuries and National's reliance on the independent medical examiner's report in denying Megallon's claim. Summary judgment is inappropriate where "relevant facts are in dispute or when facts permit differing inferences as to the reasonableness of the insurer's conduct." *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989).

### b. Statutory Unfair Claims Practices

Megallon has brought suit alleging that National violated Nevada's Unfair Claims Practices Act, NRS § 686A.310. The act specifically identifies what constitutes an unfair practice. *See* NRS 686A.310. In particular, it is an unfair trade practice for an insurance company to fail to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear. NRS 686A.310(1)(e); *see also, Turk v. TIG Ins. Co.*, 616 F.Supp.2d 1044, 1052 (D. Nev. 2009) ("An insured has a cause of action against an insurer if the insurer waits an inordinate amount of time before informing the insured that there is no coverage.").

The court finds that there are disputed issues of material fact concerning whether National's settlement offer constituted a prompt, fair and equitable settlement. Viewing the evidence in the light most favorable to Megallon, there is sufficient medical evidence of Megallon's injuries to infer that a $51,000 settlement offer was neither fair nor equitable. Accordingly, National is not entitled to judgment as a matter of law.

### c. Punitive Damages

Under Nevada law, in order to recover punitive damages, a plaintiff must show the defendant acted with oppression, fraud or malice. *Pioneer Chlor Alkali Co. v. National Union Fire Ins. Co.*, 863 F.Supp. 1237, 1250 (D. Nev. 1994). Oppression is a conscious disregard for the rights of others constituting cruel and unjust hardship. *Pioneer Chlor Alkali Co.*, 863 F.Supp. at 1251

(citing *Ainsworth v. Combined Ins. Co. of America*, 763 P.2d 673, 675 (Nev. 1988)). Malice is conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights and safety of others. *See* NRS § 42.005(1).

Due to the disputed nature of the evidence concerning Megallon's need for future medical treatment and reasonable future damages associated with his condition, it cannot be determined at this time that as a matter of law malice could not be attributed to National by the trier of fact.

IT IS THEREFORE ORDERED that defendants' motion for reconsideration, or in the alternative, second motion for partial summary judgment (Doc. #26) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6